UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
CIVIL ACTION NOS. 04-229-DLB, 05-28-DLB,
05-49-DLB, 05-91-DLB, 05-185-DLB,
05-204-DLB, 05-205-DLB, 05-206-DLB

and        CIVIL ACTION NOS. 04-191-DLB and 05-207-DLB


IN RE: 2004 DUPONT LITIGATION
and
IN RE: 1995 DUPONT LITIGATION


<u>MEMORANDUM ORDER</u>

Plaintiffs moved to pursue these consolidated cases with "bellwether" representatives both during the discovery phase and trial,[1] and for a status conference in order to discuss pretrial management of this litigation.  Defendant filed its own motion concerning pretrial management, seeking a "*Lone Pine*" order[2] to require plaintiffs to provide certain information to the defendant before proceeding further.

In light of the potential length and complexity of discovery, the court granted plaintiffs' motion for a status conference.  The conference was held on Tuesday, March 8, 2006

---

[1]Technically, plaintiffs' motion for an order concerning "bellwethers" was filed only in the collection of eight cases concerning a 2004 chemical release.  However, plaintiffs' motion for a status conference in the remaining two cases, which concern a separate 1995 release, also advocated the use of bellwethers.

[2]*See Lore v. Lone Pine Corp.,* 1986 N. J. Super. LEXIS 1626, 1986 WL 637507 (N.J. Super L. 1986).

at 10:30 a.m. and was recorded by Court Reporter Lisa Wiesman.
The following counsel appeared on behalf of the various
plaintiffs: Louise Roselle, Troy Skeens, William Wilhoit,
Michael Wilson, Barbara Strady, Patrick Allen, Tom Sweeney,
Joseph Bansci, and William Palmer.  Attorneys Daniel E.
Danford and John Famularo appeared on behalf of the defendant.

### Background and Nomenclature

All counsel agree that the ten cases listed in the above-
caption concern two distinct events: a 1995 chemical release,
and a second 2004 chemical release.  Eight cases have been
filed concerning the 2004 release; they are consolidated for
purposes of discovery only at this juncture, with the lead
case designated as *Caudill v. E.I. DuPont de Nemours and
Company*, Ashland Civil Action No. 04-229-DLB.   Two cases have
been filed concerning the 1995 release; they also have been
consolidated for purposes of discovery, with the lead case
designated as *K.M.H. v. E.I. DuPont de Nemours and Company*,
Ashland Civil Action No. 04-191-DLB.

Although the previous orders of this court have referred
to both sets of cases as "*In Re DuPont Litigation*" and have
instructed the respective parties to use that case caption,
counsel at the status conference repeatedly referred to the

2

cases by the date of the incident at issue - either the 1995
release or the 2004 release.  In order to minimize confusion
in the record the court will instruct the parties to use the
case caption "*In re: 2004 DuPont Litigation*" for future
pleadings in the eight consolidated cases which concern the
2004 release (Lead Case No. 04-229-DLB), and to use the
caption "*In re: 1995 DuPont Litigation*" for future pleadings
in the two consolidated cases which concern the 1995 release
(Lead Case No. 04-191-DLB).

**Counsel of Record**

At the hearing, defense counsel stated that Attorneys
Mitzi Denise Wyrick, Robert C. Ewald, and Walter M. Jones, all
of Stites and Harbison in Louisville, Kentucky, no longer
represent the defendant and should be removed as counsel of
record.  In addition to the change in defense counsel, Patrick
Allen made his appearance as plaintiffs' counsel in Case No.
05-91, as did William Palmer in Case Nos. 05-28, 05-205, and
05-206.

**Pretrial Management**

The parties agreed that both the 1995-related litigation
and the 2004-related litigation are capable of being placed on
the same pretrial management schedule, although significantly
more discovery has been conducted concerning the 1995 release.

3

Plaintiffs represented that the additional discovery required for the 1995 release is "minimal" from plaintiffs' perspective, although defendant may have a greater need to conduct discovery.

Approximately 250 plaintiffs are parties in the eight cases described as the 2004 litigation, while approximately 90 plaintiffs are identified in the two cases described as the 1995 litigation.  Plaintiffs request a pretrial management order which will designate approximately 30 "bellwethers" to serve as "representative" plaintiffs of the 250 plaintiffs involved in the 2004 litigation.  Plaintiffs appear to seek a similar procedure in the 1995 litigation.

The purpose of this pretrial management approach would be to streamline discovery and focus all parties' efforts on concluding discovery for the representative plaintiffs, rather than attempting to conduct broad discovery, including depositions, on approximately 340 individual plaintiffs. However, defendants object to the "bellwether" approach advocated by plaintiffs, noting due process and Seventh Amendment concerns (at least at the trial level), and concerns that representatives hand-picked by plaintiffs might prove to be anything but representative.  *See, e.g., In re Chevron USA, Inc.,* 109 F.3d 1016, 1019 (5th Cir. 1997).

4

The court concurs that, at least until additional
discovery is obtained by defendants, the "bellwether" approach
is not appropriate.  Most toxic tort cases utilizing a
"bellwether" approach involve much greater numbers of
plaintiffs and/or defendants.  This is not to say that some
variant of Rule 42(b), Fed. R. Civ. P., will not be used for
trial purposes, or even as discovery progresses further in
this litigation, but only that the court concludes that the
limitation advocated by plaintiffs is premature at this time.

Similarly, defendant's motion to adopt a *Lone Pine* order
for purposes of the 2004-related litigation is premature.
During the status conference, counsel acknowledged that the
same information can be obtained through written discovery,
and in fact, that defendant has already promulgated written
discovery requests seeking most if not all of that
information.  Although defendant complains that some
plaintiffs have been slow to respond, defendant also concedes
that it has received many responses.  Based on the
representations of plaintiffs' counsel that all outstanding
responses will soon be forthcoming, and to avoid duplication
of responses to requests previously promulgated by defendant,
the court will deny defendant's request for a *Lone Star* order.
Should defendant prove unable to obtain the information it

seeks from plaintiffs' responses to written discovery, the court may re-examine the necessity of a *Lone Star* order.

Accordingly, **IT IS ORDERED THAT:**

1.  With respect to written discovery requests previously promulgated by defendant, plaintiffs shall serve their responses no later than **March 31, 2006;**

2.  Defendant shall review plaintiffs' responses and notify plaintiffs of any deficiencies **as soon as practicable.** In virtually all cases, this should occur within thirty days of service, but not later than sixty days following service of plaintiffs' responses.  The attention of all counsel is directed to LR 37.1, which will be strictly enforced by this court;

3.  All written discovery shall be commenced in time to be completed not later than **July 24, 2006[3],** with counsel to confer by that date concerning the number of depositions anticipated to be conducted by each party.  All parties shall file joint or separate status reports regarding the status of discovery not later than **July 26, 2006;**

4.  The parties shall submit an Agreed Protective Order

---

[3]During the status conference the Court gave a completion time as the end of July.  In light of the July 28 conference call, it is necessary to change that date.

6

concerning the 2004 litigation within ten (10) days of the date of this order;

5.  With respect to written discovery requests previously promulgated by plaintiffs, defendant shall serve its responses within thirty (30) days of the date that the Agreed Protective Order is executed by all parties;

6.  An additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to participate, only those counsel who appeared at today's status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions;

7.  Future pleadings in the eight cases consolidated with Lead Case No. 04-229-DLB shall hereinafter bear the case caption of "*In re: 2004 DuPont Litigation*." The cases consolidated with 04-229-DLB for purposes of discovery include only the following case numbers:  05-28-DLB, 05-49-DLB, 05-91-DLB, 05-204-DLB, 05-205-DLB, 05-206-DLB, and 05-185-DLB.

7

8.   Future pleadings in the two cases designated by Lead Case No. 04-191-DLB shall hereinafter bear the case caption of "*In re: 1995 DuPont Litigation.*" The only case consolidated with 04-191-DLB for purposes of discovery is Case No. 05-207-DLB.

9.   Defendant's oral motion to withdraw Mitzi Denise Wyrick, Robert C. Ewald, and Walter M. Jones as counsel of record is **granted**, with said attorneys to be withdrawn as counsel to the extent still listed in Case Nos. 05-28 and 05-49;

10.   Plaintiffs' oral motion to add Patrick Allen as co-counsel in Case No. 05-91-DLB is **taken under submission**, pending submission within ten (10) days of the date of this order of an appropriate motion to practice *pro hac vice*, together with the requisite fee for so appearing in this court;

11.   Plaintiffs' motion to substitute William Palmer instead of Bruce W. MacDonald as co-counsel in Case Nos. 05-28, 05-205, and 05-206 is **granted** as Mr. Palmer has previously been admitted to practice in this court.  The Clerk shall add Mr. Palmer's name to the appropriate records, using the same address listed for Bruce MacDonald and John McGinnis and Bruce W. MacDonald's name shall be stricken;

8

12.   All still-pending motions for status conference filed in the above-captioned cases are **granted** as having been satisfied by the conference held this day;

13.   Plaintiffs' motion for an order regarding use of bellwethers [DE #24 in Lead Case No. 04-229-DLB] is **denied** without prejudice to renew following conclusion of the initial period of discovery referenced in this order;

14.   Defendant's motion for a Lone Pine Order [DE #30 in Lead Case No. 04-229-DLB] is likewise **denied** at this time;

15.   Except as otherwise specified within the body of this order, all provisions apply to both the 1995 and the 2005 consolidated cases [Lead Case No. 04-229-DLB and Lead Case No. 04-191-DLB].

This 8th day of March, 2006.



Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge